IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY R. G. TURNER,

  Petitioner,        No. 2:13-cv-1160 AC P

  vs.

PAUL RICHARDSON, et al.,

  Respondents.       ORDER

_____/

  Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

  Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

  In the instant application, petitioner challenges a September 18, 2009 Yolo County Superior Court conviction for which he indicates he was sentenced to an "unknown" length of time on April 30, 2010. Petitioner states that he was convicted of possession and transportation of drugs. Petitioner is already proceeding, in Case No. 13-cv-0454 WBS JFM, on a habeas petition challenging a 2010 Yolo County Superior Court conviction and/or sentence for possession and transportation of drugs. The factual allegations of the two petitioners, although

1

1  difficult to decipher, appear to overlap.  Although petitioner provides different criminal case
2  numbers and different (but close in time) conviction and/or sentencing dates in the two pending
3  petitions, it is unclear whether he is actually challenging two different convictions.  The instant
4  petition also appears to be claiming that petitioner's conviction followed both a bench trial and a
5  jury trial.  Because the petition fails to clearly identify the conviction under attack, the sentence,
6  and the type of trial, it is defective.

   Moreover, many of the allegations of the petition appear to address events unrelated to petitioner's commitment offense and conviction.  Petitioner is cautioned that he may not bring civil rights claims or other claims for damages in a habeas petition.  An action under 28 U.S.C. § 2254 attacks the legality of the inmate's confinement, usually by challenging the underlying conviction and/or sentence.  See generally Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Heck v. Humphrey, 512 U.S. 477, 487 (1994).

   For these deficiencies, the petition will be dismissed with leave to amend.  Petitioner is cautioned that if the conviction at issue in this petition is not distinct from that petitioner is challenging in Case No. 2:13-cv-0454 WBS JFM P, this action will be dismissed as duplicative.

   Accordingly, IT IS ORDERED that:

   1. Petitioner's motion to proceed in forma pauperis is granted;

   2. For the reasons set forth above, the petition is dismissed with leave to file an amended petition within thirty days of the date of this Order;

   3. The Clerk of the Court is to provide petitioner with the form for the filing of a habeas petition pursuant to 28 U.S.C. § 2254 in this district.

DATED: June 13, 2013

                                    ALLISON CLAIRE
                                    UNITED STATES MAGISTRATE JUDGE

AC:009
turn1160.ord

2