1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9               FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   ANTHONY R. G. TURNER,                No.  2:13-cv-1160 AC P

12                Petitioner,

13        v.                              ORDER

14   PAUL RICHARDSON, et al.,

15                Respondents.

16

17        Pending before the court is respondent's motion to consolidate this habeas petition with an

18   earlier filed case, Turner v. Richardson, 2:13-cv-0454 AC WBS P, of which this court takes

19   judicial notice.[1]  Petitioner is represented by appointed counsel in the earlier filed case, but

20   proceeds in pro per in the instant action.  Respondent represents that both petitions challenge the

21   same conviction.  Respondent asks that the cases be consolidated under Fed. R. Civ. P. 42(a)

22   because they contain shared questions of fact and law.  ECF No. 24.  Respondent informs the

23   court that petitioner's counsel in Case No. 2:13-cv-0454 AC WBS P does not oppose

24   consolidating the actions.

25

26   _____

27   [1] A court may take judicial notice of court records.  See Barron v. Reich, 13 F.3d 1370, 1377 (9th
     Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v.
28   Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

                                            1

1    The most recently filed pro se petition in the instant action, ECF No. 21,[2] is not a model of

2  clarity.  However, it does appear that petitioner challenges his May 2010 conviction and resulting

3  18 year sentence.[3]  Petitioner in the earlier case has been granted leave to file an amended petition

4  by February 21, 2014.  If petitioner is indeed challenging the same Yolo County conviction in

5  both cases, the proper course would be dismissal of the instant action as duplicative.  Any

6  colorable allegations of the instant petition that go to the validity of the 2010 conviction but are

7  not already pleaded in in Case No. 2:13-cv-0454 AC WBS P can be incorporated into that case by

8  amendment.

9    Accordingly, rather than considering consolidation at this juncture, the court will now

10  direct petitioner to show cause why this matter should not be dismissed as duplicative.  If

11  petitioner wishes to proceed in Case No. 2:13-cv-0454 AC WBS P alone, he may state his non-

12  opposition to dismissal of this action as duplicative, or he may file a notice of voluntary dismissal

13  pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

14    Accordingly, IT IS ORDERED that:

15    1.  Petitioner must show cause within twenty-one days why this petition should not be

16  dismissed as duplicative of <u>Turner v. Richardson</u>, 2:13-cv-0454 AC WBS P.  In the alternative, if

17  petitioner wishes to proceed in Case No. 2:13-cv-0454 AC WBS P alone, he may file a notice of

18  voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i); and

19  ////

20  ////

21

22  [2] This is the third "First Amended Petition" that petitioner has filed in this case.

23  [3] Some of petitioner's allegations involve the use of force during a 2006 arrest that was independent of the present commitment offense.  ECF No. 21 at 5.  The petition itself states that a

24  previous civil rights action presented claims based on the 2006 excessive force allegations.  <u>Id.</u> at 7; <u>see</u> Case No. 2:07-cv-00022 LKK GGH P.  Accordingly, these allegations cannot be construed

25  as stating a claim for relief under 42 U.S.C. § 1983.  Any such action would be foreclosed by the previously adjudicated case.  Still other allegations of the instant petition involve excessive force,

26  destruction of evidence and other misconduct by police in relation to the 2009 arrest that led to the challenged 2010 conviction.  Petitioner specifies that these allegations are presented to this

27  court as a basis for overturning his conviction.  ECF No. 21 at 13.  The pro se petition in Case No. 2:13-cv-0454 also seeks reversal of petitioner's conviction on grounds including police

28  misconduct.  The factual allegations made in the two cases substantially overlap.

2

2.  The Clerk of the Court is directed to serve a courtesy copy of this order upon Stephanie Adraktas at stephanieadraktas@yahoo.com.

DATED: February 5, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE