UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ANTHONY R. TURNER, | No. 2:13-cv-1160 JAM AC P |
|---|---|
| Petitioner, | |
| v. | |
| PAUL RICHARDSON et al., | ORDER & |
| Respondents. | FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, seeks relief pursuant to 28 U.S.C. § 2254. Respondent's motion to consolidate this case with Turner v. Richardson, 2:13-cv-0454 WBS AC P, was filed on November 14, 2013. ECF No. 24. In response to the motion, the Court ordered petitioner to show cause why this case should not be dismissed as duplicative of Turner v. Richardson, 2:13-cv-0454 WBS AC P. ECF No. 27. That case, like this one, challenges petitioner's March 18, 2010 conviction in Yolo County Superior Court on charges of transportation and possession of methamphetamine, and the resulting eighteen year sentence imposed on May 10, 2010. Petitioner failed to respond to the OSC, and the undersigned recommended that the case be dismissed as duplicative and for petitioner's failure to comply with the show cause order. ECF No. 29. Petitioner objected to the Findings and Recommendations, claiming that his failure to respond to the OSC was attributable to miscommunication with his

1

counsel in the other action and alleged problems with his mail.  The Findings and Recommendations were then vacated, and petitioner was granted an extension of time to respond to the outstanding OSC.  ECF No. 31.  Petitioner was cautioned that failure to respond timely would result in a recommendation of dismissal.  Id.  The deadline expired on May 15, 2014.  Petitioner's only filing has been a motion for appointment of counsel.  ECF No. 33.

The undersigned now recommends that this action be dismissed as duplicative of Turner v. Richardson, 2:13-cv-0454 WBS AC P, which challenges the same conviction.  In the alternative, the case should be dismissed for petitioner's repeated failure to comply with court orders.  See Fed. R. Civ. P. 41(b); L.R. 110.  In light of this recommended disposition, respondent's motion to consolidate should be denied as moot.

Petitioner has filed two requests for appointment of counsel.  ECF Nos. 23, 33.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice would be served by the appointment of counsel.  Accordingly, the requests are denied.

Also outstanding is petitioner's "motion for an order to show case," ECF No. 22, which seeks a response to the habeas petition.  This motion is not one contemplated by the Rules Governing Section 2254 Cases.  Because the motion is entirely inapposite, it is denied.

Accordingly, IT IS ORDERED that:

1. Petitioner's motion for an "order to show cause," ECF No. 22, is denied; and

2. Petitioner's motions for the appointment of counsel, ECF No. 23 and ECF No. 33, are denied.

IT IS RECOMMENDED that:

1. The instant petition be dismissed as duplicative of Turner v. Richardson, 2:13-cv-0454 WBS AC. Alternatively, it is recommended that the case be dismissed for petitioner's repeated failure to comply with court orders.  See Fed. R. Civ. P. 41(b); L. R. 110; an

2. Respondent's motion to consolidate this action with <u>Turner v. Richardson</u>, No. 2:13-cv-0454 WBS AC P, ECF No. 24, be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  **There will be no extension of time.**  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 9, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE